IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TECHNOLOGY NATIONAL INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) Case No.: |
| v. | ) ) ) |
| JULIO CHUNGATA and POLO MASONRY BUILDERS, INC., | ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff Technology National Insurance Company, Inc. ("TIC"), and for its Complaint for Declaratory Judgment against Defendants Julio Chungata ("Chungata") and Polo Masonry Builders, Inc. ("Polo"), states as follows:

**Nature of the Case**

1. In this lawsuit, TIC seeks a ruling regarding its rights and obligations under a Workers' Compensation and Employer's Liability Insurance Policy[1] that it issued to Polo for an underlying lawsuit filed in the Circuit Court of Cook County, Illinois, captioned: *Julio Chungata v. Polo Masonry Builders, Inc., et al.*, Case No. 2019 L 006992 (the "Underlying Lawsuit"). The Underlying Lawsuit asserts claims against Polo for injuries Chungata alleges to have experienced as a result of an August 6, 2018 accident at a construction site. As set forth below, TIC has asserted a single basis for a lack of coverage with respect to the Underlying Lawsuit. Specifically, any potential for coverage under the Part Two Employers Liability Insurance section ("Employers Liability") in TIC's Policy is contingent on a claim for bodily injury which "arise[s] out of and in

---

[1] TIC issued Policy No. TARIL938941-01 to "Polo Masonry Builders, Inc.," which was effective from November 1, 2017 to November 1, 2018 (the "Policy").

the course of the injured employee's employment by you." In the Underlying Lawsuit, however, Chungata alleged that he was an employee of MJG Builders, Inc. ("MJG") on the date of his accident on August 6, 2018. Consequently, since Chungata was not employed by Polo on the date of his accident, any injuries he experienced could not have arisen out of and in the course of employment by Polo, thereby precluding any potential for coverage under the Employers Liability section in the Policy.

**Parties, Jurisdiction and Venue**

2. TIC is a Delaware insurance company (and not a limited liability company) with a principal place of business in New York.

3. Polo is an Illinois corporation with its principal place of business in Illinois.

4. Chungata is a citizen of the State of Illinois with his primary residence in Illinois.

5. The Underlying Lawsuit seeks in excess of $75,000 from Polo. In turn, Polo has tendered the Underlying Lawsuit to TIC and seeks defense and indemnity under the Policy in excess of $75,000.

6. TIC will incur in excess of $75,000 in attorneys' fees and costs defending Polo in the Underlying Lawsuit.

7. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between TIC, on the one hand, and the Defendants, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because one or more of the Defendants reside in the Northern District of Illinois. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this dispute occurred in the

Northern District of Illinois, including but not limited to the conduct at issue in the Underlying Lawsuit and the venue for the Underlying Lawsuit itself.

## The Underlying Lawsuit

9. The Underlying Lawsuit is proceeding on a Fourth Amended Complaint at Law ("FAC"). [A true and accurate copy of the FAC is attached hereto as Exhibit 1.]

10. Count I of the FAC asserts a Construction Negligence claim against Polo and includes the following allegations relative to the employment of Chungata on the date of the accident:

> 1. That on and before August 6, 2018, the Defendant, POLO MASONRY BUILDERS, INC., was in charge of a construction project located at 1531 West Howard Street in the City of Chicago, County of Cook and State of Illinois.
>
> 2. The project is referred to as the Elevation Lofts and consists of a 5 story, 38 unit building located in the Rogers Park neighborhood of Chicago, Illinois.
>
> 3. That at the subject time and place, Plaintiff was a construction worker employed by MJG Builders, Inc., performing work on the construction project, and at all times mentioned herein, the plaintiff was in the exercise of due care and caution for his own safety.
>
> * * * * *
>
> 9. That on August 6, 2018, the Plaintiff, JULIO CHUNGATA, was working as a laborer for MJG Builders, Inc. when a stack and/or pile of cinder block, cement block, block, and/or bricks that had been set upon muddy, uneven and unstable ground conditions fell over, landing on Plaintiff.

11. Count II of the FAC asserts a Premises Liability claim against Polo and includes the same allegations in Count I, which are set forth above in Paragraph 10 of this Complaint.

## The Policy

12. As heretofore alleged, TIC issued the Policy to "Polo Masonry Builders, Inc.," which is listed on the Information Page as the Insured. [A certified copy of the Policy is attached hereto as Exhibit 2].

13. The Employers Liability section in the Policy contains the following provisions, which address the scope of coverage and the duty to defend:

    A. How This Insurance Applies

       This employer's liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

       1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

* * * * *

    D. We Will Defend

       We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

       We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

14. As a result of the foregoing, an actual controversy exists between TIC, on the one hand, and the Defendants, on the other hand, with respect to whether the Employer's Liability section of the Policy provides coverage for the Underlying Lawsuit.

15. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has authority to declare the rights and obligations of the parties in relation to the terms and provisions of the Policy.

**<u>Count I – No Coverage Under the Employers Liability Section In The Policy</u>**

16. SNIC incorporates by reference Paragraphs 1 through 15 set forth above as if they are fully asserted and alleged herein.

17. As a condition to coverage, the Employers Liability section of the Policy provides that: "The bodily injury must arise out of and in the course of the injured employee's employment by you."

18. Chungata was not an employee of Polo on the date of his August 6, 2018 accident, which is the subject of the Underlying Lawsuit.

19. Instead, Chungata alleged in the Underlying Lawsuit that he was "construction worker employed by MJG" when his August 6, 2018 accident occurred and that he was injured while "working as a laborer for MJG."

20. As Chungata was not employed by Polo on the date of his accident, his injuries did not arise out of and in the course of employment with Polo.

21. TIC, therefore, does not have any obligation to defend or indemnify Polo under the Policy in connection with the claims in the Underlying Lawsuit.

## **Prayer for Relief**

WHEREFORE, Plaintiff Technology Insurance Company, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Julio Chungata and Polo Masonry Builders, Inc., and find and declare that:

A. A condition to coverage under the Employers Liability section in TIC's Policy which requires that a claimant's injury arise out of and in the course of employment by the insured cannot be satisfied because Chungata was not employed by Polo on the date and time of his accident, thereby removing any obligation to defend or indemnify Polo under the Policy with respect to the Underlying Lawsuit;

5

B. There is no coverage under the Policy for the claims asserted against Polo in the Underlying Lawsuit, thereby removing any defense or indemnity obligation on the part of TIC with respect to those claims; and

C. TIC is entitled to recover its costs in this matter, as well as any other relief this Court deems just and proper under the circumstances.

/s/ Kevin M. Lougachi
Kevin M. Lougachi, Esq.
THE LAW OFFICES OF KEVIN LOUGACHI, LLC
27 N. Wacker Dr., Ste. 229
Chicago, Illinois 60606
Telephone: (708) 250-4224
Email: kevin.lougachi@lougachi-law.com
*Attorneys for Plaintiff Technology Insurance Company, Inc.*